IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KEVIN MAURICE HUBBARD**,

   Petitioner,

v.

**R. HUDGINS, Warden**,

   Respondent.

**Civil No.: 3:19CV188
(JUDGE GROH)**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On November 8, 2019, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his sentence imposed in the United States District Court for the Eastern District of Kentucky. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

A. Conviction and Sentence

On March 6, 2014, a federal grand jury indicted Kevin Maurice Hubbard on a charge of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and a separate

---

[1] All CM/ECF references designated "ECF No. 1" refer to the instant civil action, 3:19cv188 in the Northern District of West Virginia. All other CM-ECF references refer to Criminal Action No. 7:03-CR-21-17, in the Eastern District of Kentucky. See generally Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record").
.

1

charge of conspiracy to distribute heroin in violation of 21 U.S.C. § 846. [R. 307]. At the time of his indictment, Hubbard was confined in the Fayette County Detention Center in Lexington, Kentucky, awaiting trial in state court for alleged violations of Kentucky law. [R. 333]. Pursuant to a writ of *habeas corpus ad prosequendum*,[1] federal authorities transferred Hubbard from state to federal custody so that he could stand trial in federal court. [See R. 337].

Hubbard pleaded guilty to conspiring to distribute heroin. ECF No. 419. By judgment dated August 26, 2014, the Court sentenced him to a prison term of 140 months. ECF No. 533. Hubbard was subject to enhanced sentencing as a career offender pursuant to U.S.S.G. § 4B1.1. Thus, his guideline range was 188 to 235 months. ECF No. 516. Judge Amul Thapar, who was then a U.S. district judge, varied downward in imposing the 140-month sentence. ECF No. 546. During the sentencing, there was discussion about the "surprise" increase in the guidelines because of the career offender status. ECF No. 744. At the plea, the base offense level was thought to be 22 and with the career offender status it increased to a base offense level of 31. Id. The Judge suggested withdrawing the plea of guilty as an alternative to seeking a variance and he felt it was clear from the continued criminal activity that Defendant was a career offender and should be treated as such. Id. Defendant was asking for a downward departure to 120 months and the Government was seeking the low end of the guideline range of 188 months.[2] Id. However,

---

[2] Defendant Hubbard argued in his sentencing memorandum that considering the penalties imposed upon Defendant by the Georgia trial court, the Court was justified determining that a "career offender" criminal history category "overstates the severity of Defendant's criminal history or that a lower sentence would still comply with and serve the mandates of section 3553 (a))" and grant a downward variance from the sentencing guidelines. ECF No. 516. The Court chose the second option. ECF No. 744.

because of the Defendant's allocution, the Judge gave the defendant a downward departure to 140 months incarceration. Id. Additionally, the Judge imposed a sentence of supervised release for life. Further, the Judge explained by entering the plea agreement, Defendant waived his right to appeal his conviction but still had the right to appeal his sentence. ECF No. 744

B. DIRECT APPEAL

Defendant did not appeal his sentence even though he did not waive that right.

C. POST-CONVICTION RELIEF-MOTION TO VACATE UNDER 28 U.S.C.2255

On June 9, 2016, Defendant filed a Motion [ECF No. 707] to review his case concerning his career criminal enhancement. Id. On June 22, 2016, Judge Thapar, denied that motion stating that Defendant was not sentenced under the ACCA and therefore the rulings in Johnson[3] and Welch[4] did not undermine the sentencing in Defendant's case. ECF No. 710.

D. INSTANT 2241 CLAIMS OF PETITIONER

In support of his section 2241 petition before this Court, Petitioner states three grounds for relief:

1. The District Court's imposition of a lifetime of supervised release constitutes an unlawful sentence.[5]

---

[3] Johnson v. United States, 135 S.Ct. 2551 (2015).
[4] Welch v. United States, 136 S.C.t. 1257 (2016).
[5] According to United States v. Penny, 777 F. App'x 142 (6th Cir. 2019), a district court may make a period of supervised release for life as long as the court explains how statutory sentencing factors justify it. Id.

3

2. Defendant cites to United States v. Havis, 927 F.3d 382 (6th Cir. 2019) for the proposition that "attempt" offenses are not qualifying predicates under 4B1.2(b) of the sentencing guidelines and therefore his drug conviction of attempt to possess with intent to distribute cocaine did not qualify him as a career offender.[6]

3. Defendant cites to United States v. Whitley, 737 F. App'x 147, 149 (4th Cir. 2018) asserting that since conspiracy under 21 U.S.C. §846 does not require an overt act then it can not be included as a predicate offense for a career offender enhancement.[7]

ECF No. 1. For relief, Petitioner requests that the sentence be vacated, set -aside, and held for naught. Id. at 12.

III. **LEGAL STANDARDS**

A. **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is

---

[6] Pursuant to § 4B1.1 of the Guidelines, a defendant is a career offender if, among other factors,* "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). The term "controlled substance offense" is defined as:[A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense. Id. § 4B1.2(b). "A controlled substance offense also includes the offenses of 'aiding and abetting, conspiring, and attempting to commit such offenses.'" USSG § 4B1.2 cmt. n.1 (internal emphasis omitted). United States v. Havis, 927 F.3d 382 (6th Cir. 2019) is a per curiam opinion and is not retroactive. Although the circuits have split on this issue, the 4th Circuit and the 6th Circuit have decided that attempt crimes cannot be used as a predicate offenses for career offender status. However, these decisions have not been made retroactive.!

[7] United States v. Whitley, 737 F. App'x 147, 149 (4th Cir. 2018) is an unpublished per curiam opinion that holds no binding precedential value in the Fourth Circuit. Regardless, this case relates to "conspiracy" as a predicate offense. In this case "conspiracy" is the underlying charge.

4

charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. Pro Se Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

>also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV. ANALYSIS

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[9] (2) the prohibition against successive petitions, or (3) a

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;

procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).
[10] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

7

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

Petitioner's grounds for relief are that he was wrongfully sentenced to a life time of supervised release[11] and that he was misclassified as a career offender

---

[11] Defendant did not waive his right to appeal his sentence. ECF No. 744. Because of his allocution at sentencing, the Court gave the Defendant a downward departure and supervised release for life. Id. Defendant testified at sentencing that he did better with his addiction when he was being supervised. Id.

under the post-Booker,[12] advisory Guidelines. ECF No. 1. Because Petitioner's direct appeal rights have expired and Petitioner has already filed one unsuccessful § 2255,[13] he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because there is no newly discovered evidence or a new rule of constitutional law applicable to this case, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause. Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[14] undoubtedly would bar Lester's petition had he been sentenced under the

---

[12] United States v. Booker, 543 U.S. 220 (2005).
[13] The Court will construe the Motion [ECF No. 707] to review his career criminal offender status as an unsuccessful § 2255.
[14] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that

advisory Guidelines."). This is because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.[15] When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

---

"§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

[15] It is important to note that Defendant Hubbard was subject to an enhanced sentencing as a career offender pursuant to U.S.S.G. § 4B1.1 and his guideline range was 188 to 235 months. ECF No. 516. However, Judge Amul Thapar, who was then a U.S. District Judge, varied downward and imposed only a 140-month sentence after a lengthy sentencing hearing on the issue. ECF No. 744.

10

## V.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 1-11-2022

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE